No. 14,175.

## BUSH v. GROOMES, BY NEXT FRIEND.

PROMISSORY NOTE.—*Property of Wife.— Wrongful Sale by Husband.—No Title Passed to Purchaser.— Guardian and Ward.*—A guardian, with the consent of her husband, settled with his ward, and turned over to her, among other assets, a certain promissory note assigned in blank, and was thereupon discharged by the court. The husband, immediately after the delivery of the note to his wife, forcibly, and against her will, snatched it from her, and refused to return it to her, and afterwards forged her endorsement across the back thereof, and without her knowledge or consent sold it to the defendant and decamped with the proceeds. The purchaser was well acquainted with the wife and her husband, and at the time he purchased said note knew that it belonged to the estate of the wife, but supposed that the endorsement was genuine, and that the husband had authority to sell the same, but took no steps to ascertain the facts.

*Held*, that the purchaser from the husband acquired no title to the note, and could not hold it as against the wife, the rightful owner.

REPLEVIN.—*Promissory Note.— Personal Property.--May be Replevied.*—Section 1285, R. S. 1881, provides that the phrase " personal property" shall include goods, chattels, evidence of debt, and things in action. A promissory note is the evidence of a debt due from the makers thereof; and under the definition of the phrase " personal property," as furnished by

the statute, falls within the provisions of section 1266, R. S. 1881, and may be taken on a writ of replevin.

SAME.—*Appointment of Next Friend.— When May be Made for Wife.—Demand by Wife.—Sufficiency of.*—Where a guardian has made settlement with his ward, as provided by the law upon the subject, she having married a man of full age, she is entitled to the possession of the estate thus turned over to her. Under such circumstances, in a replevin suit to recover the possession of a promissory note belonging to said estate, the wife being a minor, the court has the right to appoint some one to prosecute the suit for her, as her next friend. It is not necessary to show that the next friend had made a demand for the note before the bringing of the action, it appearing that such a demand had been made by the wife prior to the institution of the suit.

COSTS.—*Motion to Tax all Against Party.— When Properly Overruled.*—Where a motion was made to tax the wife with all the costs which had accrued up to the time the next friend was appointed, the court was not bound to examine the record to ascertain whether there might not be some costs which should be taxed to her, but might properly overrule the motion when it was ascertained that she should not be taxed with all the costs which had accrued up to the time of the appointment of the next friend. It would have been error to tax her with the costs of the original process by which the defendant was brought into court.

From the Marion Superior Court.

*B. F. Davis* and *W. H. Martz*, for appellant.

*H. J. Everett*, for appellee.

COFFEY, J.—The appellee, a minor, whose maiden name was Viola V. Roberts, intermarried with Zachariah Groomes, in Marion county, on the 12th day of March, 1886. At the time of her marriage Enoch Read was her legal guardian, and had in his possession as such, among other property, a promissory note for the sum of four hundred and ninety-eight dollars and forty-eight cents, dated October 12, 1885, due one year after date, payable to himself as guardian of Viola V. Roberts, at Ritzinger's Bank, in the city of Indianapolis, and signed by J. Sanders Hollingsworth and W. H. Hollingsworth. The said guardian, with the consent of her husband, settled with the appellee, as his ward, on the 21st day of July, 1886, and, in part discharge of his liability to her, assigned said note in blank, and delivered the same to

her, and was thereupon discharged by the Marion Circuit Court.

Immediately after said note, with the money due her, was delivered over to appellee by her guardian, her husband forcibly, and against her will, snatched it from her, and though repeatedly requested by her to return it refused to do so, and afterwards forged her endorsement across the back of said note, and without her knowledge or consent sold the same to the appellant on the 28th day of July, 1886, for the sum of four hundred and seventy dollars.

The appellant was well acquainted with the appellee and her husband, and at the time he purchased said note knew that it belonged to the estate of the appellee, but supposed that the endorsement was genuine, and that the husband had authority to sell the same, but took no steps to ascertain the facts.  On the morning of the 29th day of July, 1886, the appellee's said husband left her, at Indianapolis, where they resided, stating that he was going to the city of Chicago, and would return in August following, but at the time of the trial of this cause he had not returned.  He left the appellee almost destitute, paying her none of the money received for said note, and appropriating to his own use her entire estate of thirteen hundred dollars, except fifty cents in money and notes amounting to one hundred and seventy-five dollars.

Upon learning, after her husband was gone, that he had transferred the note in question to the appellant she demanded the possession of the same, and the appellant refusing to deliver it to her, she instituted this suit for its possession.

The appellant interposed a plea in abatement on account of the minority of appellee, upon which Riley undertook, as her next friend, to prosecute this suit, and qualified as such next friend.

Upon the facts, as above stated, the court stated, as a conclusion of law, that the appellee was entitled to the possession of the note in controversy.

It is contended by the appellant that the note in controversy is not personal property within the meaning of section 1266, R. S. 1881. We do not agree with the appellant in this contention.

Section 1285, R. S. 1881, provides that the phrase " personal property " shall include goods, chattels, evidences of debt, and things in action. The note in suit is the evidence of a debt due from the makers thereof, and under the definition of the phrase " personal property," as furnished by the statute, falls within the provisions of section 1266, *supra*, and may be taken on a writ of replevin.

In the case of *Southern Plank-Road Co.* v. *Hixon*, 5 Ind. 165, it was said that replevin would lie to recover the possession of the record book of a corporation which had been wrongfully detained.

In the case of *Wilson* v. *Rybolt*, 17 Ind. 391, it was held that an action of replevin could be maintained for the possession of title deeds; and we know of no reason why it may not be maintained to recover the possession of a promissory note which is wrongfully detained. See section 1809, R. S. 1881.

It is next contended that the action could not be maintained by a next friend, but could only be maintained by a guardian.

As we have seen, the guardian had made settlement with the appellee, and had been discharged by the proper court, so that there was, in fact, no guardian by whom the suit could be prosecuted.

The guardian having made settlement with appellee, as provided by the law upon the subject, she having married a man of full age, we think she was entitled to the possession of the estate thus turned over to her. Section 255, R. S. 1881, provides that " When an infant shall have a right of action, such infant shall be entitled to bring suit thereon,

and the same shall not be delayed or deferred on account of such infant not being of full age."

Section 256, R. S. 1881, provides that "Before any process shall be issued in the name of an infant who is a sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend of such infant; and such next friend shall be responsible for the costs of such action; and thereupon process shall issue as in other cases."

Under these statutes the court did not err in permitting Riley to prosecute this suit, as next friend, for the appellee. *Greenman* v. *Cohee*, 61 Ind. 201. Nor was it necessary to show that such next friend made a demand for the note before this suit was brought. As the appellee was entitled to the possession of the note, the demand made by her before suit brought was sufficient. This case is readily distinguished from the cases of *Miles* v. *Boyden*, 3 Pick. 213, and *Brown* v. *Hull*, 16 Vermont, 673, cited by the appellant.

The court did not err in overruling the appellant's motion to tax all the costs to the appellee which had accrued up to the time the next friend was appointed. It would have been error to tax her with the costs of the original process by which the appellant was brought into court. Under this motion the court was not bound to examine the record to ascertain whether there might not be some costs which should be taxed to the appellee, but might properly overrule the motion when it was ascertained that she should not be taxed with all the costs which had accrued up to the time Riley undertook to prosecute the case as next friend.

The special finding is abundantly supported by the evidence. The husband had no authority from the appellee to sell the note in controversy; had no authority to endorse her name upon it, and had no title to transfer to the appellant.

The appellant, by his purchase under the facts in this case,

acquired no title to the note, and can not hold it as against the rightful owner.

There is no error in the record.

Judgment affirmed.

Filed April 26, 1890; petition for a rehearing overruled Sept. 20, 1890.