Filed May 29, 1891.

---

No. 206.

## HOOVER v. JONES.

COSTS.—*Taxation of.—Practice.—*The court is not bound to examine the record and ascertain just what costs should be taxed to the opposite party when it is found that all the costs should not be taxed as demanded by the motion, and may properly overrule the motion.

From the Whitley Circuit Court.

*J. D. Wurtsbaugh* and *A. G. Wood,* for appellant.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellee.

REINHARD, J.—The appellee sued the appellant before a justice of the peace to recover certain personal property. The justice's record shows an appearance of the parties, a trial, and finding in favor of the plaintiff for the goods, and $5 damages for their detention. The defendant (appellant) appealed to the circuit court, where the case was tried *de*

*novo* by a jury, and a verdict was returned in favor of the appellee for the property, without assessing any damages for the detention. The appellant thereupon moved the court orally, as the bill of exceptions shows, " to tax the accrued and accruing costs of this cause to the plaintiff, for the reason that the judgment of the justice, before whom this cause was commenced, was by the jury in the above entitled cause reduced five dollars and more."

This motion was overruled, and an exception saved. The overruling of the motion is the only alleged error.

The motion was not in writing, nor is it shown affirmatively that every hypothesis upon which it could have been overruled was excluded.

The motion asked the court to tax to the appellee " the accrued and accruing costs." This meant the taxation of all the costs to the appellee. But the appellant was liable at least for the costs which had accrued before the justice, and hence the motion as made was not well taken. The court was not bound to examine the record and ascertain just what costs should be taxed to the opposite party when it was found that all the costs should not be taxed as demanded by the motion. *Bush* v. *Groomes*, 125 Ind. 14.

The judgment is affirmed.

Filed May 29, 1891.