BRADFIELD ET AL. *v.* HENDRICKSON.

[No. 18,960. Filed June 24, 1958.]

*Nat H. Youngblood* and *Ben J. Biederwolf,* both of Evansville, for appellants.

*Don R. Ashley,* of Boonville, *Elbert R. Gilliom,* and *Gilliom, Armstrong & Gillion,* of counsel, all of Indianapolis, for appellee.

BOWEN, P. J.—The appellants filed a suit in replevin in the court below alleging that they were entitled to the immediate possession of a written document, to-wit: "A contract executed on or about the 15th day of February, 1955, signed by Gilbert L. Bradfield and Pearl L. Bradfield, as one party, and Alphons H. Baehl

and Irma L. Baehl, as other parties to said contract." The complaint contained the usual and proper allegations in replevin, and the prayer of such complaint demanded judgment for immediate possession of such document and all other proper relief. The appellee, an attorney, filed answer to such complaint which admitted the possession of such contract and appellants' demand therefor, with other formal allegations, but denied the allegation that appellant was entitled to the possession thereof.

The cause was tried to the court, and the court took the matter under advisement and thereafter entered judgment that the appellants take nothing by their complaint, and that the appellee recover costs.

The appellants filed a motion for a new trial. The grounds of such motion are that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law. Such motion was overruled and this appeal followed.

The sole ground for reversal is that the court erred in overruling appellants' motion for a new trial.

The appellee, who is the attorney holding the contract in question, when asked why the contract was left with him, testified as follows:

"A. Because all of the parties agreed that I should hold the papers the same as if they were not signed until such time as the parties told me that they wanted to go ahead through with it."

In answer to the question as to why he had not given a signed copy of the contract to the appellants or their attorney on demand, the appellee testified:

"A. Because I agreed with Mr. and Mrs. Baehl and Mr. and Mrs. Bradfield that those papers, the contract, the promissory note and the mortgage and all of the papers that I have would be held the same as if they were not signed until such time as all the parties agreed that they would become effective."

In answer to a question whether the appellants and Baehl had ever indicated to him a wish to have the contract "delivered as per the agreement," the appellee attorney stated:

"A. No, sir. No, sir."

The record further shows that the parties to the contract went to the office of the appellee and signed the contract in question pursuant to an understanding that the contract would be left in appellee's custody until the parties told him they wanted to go ahead with the agreement, and there was some question about whether the party Baehl could raise the $25,-000.00 which he was to provide the appellants who were to give him a certain note and mortgage. A third day after the contract was signed, Baehl stated that he wanted the contract torn up.

The appellee attorney testified that he asked the parties to sign the agreement, the note and the mortgage and that he would hold them the same as if they had not been signed, and this would save their wives a trip back to his office and that he would hold all of the papers until such time as they told him to go ahead and that they would let him know on the 25th of February.

It is clear that under the law a contract or a promissory note is a thing in action within the meaning of §2-4701, Burns' 1946 Replacement. In *Bush* v. *Groomes, by Next Friend* (1890), 125 Ind. 14, 24 N. E. 81, it is stated:

"It is contended by the appellant that the note in controversy is not personal property within the meaning of section 1266 R. S. 1881. We do not agree with the appellant in this contention.

"Section 1285, R. S. 1881, provides that the phrase 'personal property' shall include goods, chattels, evidences of debt, and things in action. The note in suit is the evidence of a debt due from the

makers thereof, and under the definition of the phrase 'personal property,' as furnished by the Statute, falls within the provisions of section 1266, *supra*, and may be taken on a writ of replevin."

However, from the record in the instant case there was evidence from which the court could have concluded that the appellants were not entitled to the immediate possession of this contract.

Furthermore, it should be noted that the basis of appellants' argument concerns a question which is inconsequential to the adjudication of any rights which the parties to such contract may now possess. The physical possession of a contract cannot give or take away any rights which a person may have by virtue of such contract, nor can a court mandated delivery of possession of a document add or take away anything from a voluntary agreement and meeting of minds of the parties.

Appellants' main contention is based upon the statement that they need a copy of the contract in order to determine what action, if any, to take with reference to the rights of the appellants as against the Baehls, the other signatories to the contract. The law makes adequate provision for the protection of appellants' rights, and in a matter of this kind, as shown by the circumstances of the record, it makes no practical difference under the law whether one party or the other has possession of the contract, whether the contract is in the hands of an attorney, or whether it has been lost or destroyed. It is not a document payable to bearer, nor would the delivery of the same under the court mandate affect the rights of the parties. Sections 2-1644 and 2-1645, Burns' 1946 Replacement, afford a party the right to compel the production of any book, paper or document in the possession of the other party, and if not produced parol

evidence may be given of its contents and a court is given power to order the production of any document in the possession of the adverse party or under his control. Certainly, under the circumstances shown by the record this contract document was under the control of the parties to this matter as the record shows the appellee was acting as an attorney.

For the reasons given herein the lower court did not err in overruling appellants' motion for a new trial.

Judgment affirmed.

Cooper, J., concurs in result.

NOTE.—Reported in 151 N. E. 2d 300.