(No. 39023.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* J. C. JOHNSON, Plaintiff in Error.

*Opinion filed December 1, 1966.*

Schaefer, J., dissenting.

Robert A. Carrane, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assisant Attorney General, and Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

The defendant, J. C. Johnson, and 12 others were jointly indicted in the criminal court of Cook County for murder. They were jointly tried by the court without a jury and the defendant and others were found guilty. The defendant was sentenced to the penitentiary for a term of 14 years and we have issued a writ of error to review the conviction.

The defendant contends that the evidence was insufficient to establish his guilt and also that an oral statement was improperly admitted in evidence. The principal evidence against the defendant is found in the testimony of Detective Lenz. He testified that he interviewed the defendant, who was 14 years old at the time, in the Juvenile Detention Home and that the defendant gave the following version of the occurrence: On August 11, 1961, the defendant had been to a dance. After the dance had broken up he met a group of boys and they agreed to go out and get some

money. As they were walking down the street one of the group said, "There is a man, a Puerto Rican—I'm going to get some money." He crossed the street toward the man and the defendant followed him. The other boy struck the man and at that point other members of the group crossed the street and joined in beating the victim, who died as a result of the beating. The defendant denied that he struck the victim.

Evidence that one voluntarily attaches himself to a group bent on illegal acts with knowledge of its design supports an inference that he shared the common purpose and will sustain a conviction as a principal for a crime committed by another in furtherance of the venture. (*People* v. *Rybka,* 16 Ill.2d 394, 405.) Proof of a common purpose need not be supported by words of agreement but can be drawn from the circumstances surrounding the commission of an act by a group, and the fact that the criminal acts were not committed pursuant to a preconceived plan is not a defense if the evidence indicates involvement on the part of the accused in the spontaneous acts of the group. (*People* v. *Richardson,* 32 Ill.2d 472, 476.) While mere presence or negative acquiescence is not sufficient to constitute a person a principal to a crime, one may aid and abet without actively participating in the overt act. (*People* v. *Clark,* 30 Ill.2d 67, 72.) The evidence here showed that the defendant joined with a group bent upon "getting some money" at about 10:30 P.M. The inference is clear that the group intended to obtain the money by unlawful means. The defendant did not detach himself from the group but, according to his own admission, was one of the first to cross the street toward the victim. This evidence was sufficient to establish his guilt as a principal.

The defendant contends that his oral admission should not have been admitted because he was only 14 years old and because the admission was obtained while he was in custody without the benefit of counsel. While the youth of

the defendant and the fact that he was in custody are proper circumstances to consider in determining whether an admission was voluntary, these circumstances are not conclusive. The fact that the defendant was without counsel is likewise not determinative, although it is also a factor to be considered. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882.) The defendant did not move to suppress his statement and offered no evidence that the statement was involuntary or obtained by improper means. We find that the testimony of Detective Lenz concerning the defendant's oral admission was properly admitted in evidence.

We are of the opinion that the evidence was sufficient to establish the defendant's guilt and that he received a fair trial. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

SCHAEFER, J., dissenting:

I dissent for the reasons stated in my dissent in *People* v. *Richardson,* 32 Ill.2d 472, 477.