People of the State of Illinois, Plaintiff-Appellee, v.
Dennis W. Phillips, Defendant-Appellant.

Gen. No. 70-13.

Third District.

October 20, 1970.

John Donald O'Shea, of East Moline, for appellant.

James N. DeWulf, State's Attorney of Rock Island County, of Rock Island, for appellee.

STOUDER, J.

Defendant Appellant, Dennis Phillips, together with a codefendant not a party to this appeal, was found guilty of robbery by a jury in the Circuit Court of Rock Island County. Defendant Phillips was sentenced to a term of from 1 to 3 years in the penitentiary and has appealed from his conviction and sentence.

According to the testimony of David Groom, he was walking along the street in Rock Island on his way to work when the incident complained of took place. At about 4:30 a. m., according to Groom, he was accosted by the defendant and his companion, beaten, thrown to the ground and robbed of his wallet containing $3. Two other persons in the area witnessed the incident and testified concerning the actions of the two men, although the witnesses were unable to see whether anything was taken from Groom. According to defendant Phillips, only a fight took place and nothing was taken from Groom.

Only the outlines of the incident are referred to because defendant makes no claim that the evidence was insufficient to support his conviction. Rather, he argues that he was deprived of a fair trial as a consequence of errors committed by the trial court during the course of the trial.

Defendant first argues the trial court committed reversible error by unduly restricting his cross-examination of the principal prosecution witness, Groom.

In his testimony in chief and also on cross-examination, Groom, the robbery victim, testified that he had lived at a particular address for the last eight years. As further cross-examination, the defendant then asked the witness whether he had lived at the address continuously, to which question the State objected, arguing irrelevancy and immateriality. The court sustained the objection and

thereupon the defendant, out of the presence of the jury, made an offer of proof, the substance of which was that the witness during such eight-year period had been incarcerated in the county jail for ninety days on a misdemeanor conviction.

■ Admittedly, the ninety-day incarceration was not a sentence imposed for the conviction of an infamous crime and could not have been considered proper impeachment testimony.

■ ■ Defendant seeks to justify his assertion of improper restriction of cross-examination by claiming that the rule of Smith v. Illinois, 390 US 129, 19 L Ed2d 956, 88 S Ct 748, followed in People v. Hall, 117 Ill App2d 116, 253 NE2d 890, is applicable. There is no question but that a person accused of a criminal offense has the constitutional right to be confronted by the witnesses against him and that the right of confrontation includes the right to cross-examine such witnesses.

In Smith v. Illinois, supra, a narcotics case, the trial court sustained objections to cross-examination, seeking to elicit the true name and address of the chief complaining witness, an addict informer. The court, in reversing the defendant's conviction, concluded that the name and address of a witness were basic to any effort to ascertain the credibility of the witness. By refusing to require that such questions be answered, the trial court effectively prevented the defendant from discrediting the testimony of such witness.

■ ■ The Smith v. Illinois case, supra, itself refers to the very rule applicable to the case at bar, namely, that cross-examination designed to humiliate or harass the witness is irrelevant to the issues of the case and hence, is properly excluded. According to defendant's argument, because the witness had been serving a sentence in the county jail for ninety days, his testimony that he had lived at a particular address for eight years was not wholly true. Whether a person lived at an address for a

particular length of time is not rendered false by defendant's alleged impeaching evidence and in our view, the trial court acted properly in declining to permit the introduction of irrelevant facts which could have had only an unfair prejudicial effect. See People v. Del Prete, 364 Ill 376, 4 NE2d 484.

Next, defendant argues that the trial court erred in permitting the introduction of testimony of three police officers concerning three one-dollar bills in the possession of defendant at the time of his arrest. Over objection of defendant, the officers were permitted to testify that when defendant was booked at the police station, a total of $8.46 was discovered on his person. Of this amount, the change was in a shirt pocket and three one-dollar bills were found in a crumpled condition in his left rear pocket. Later, $5.46 was returned to defendant but the three one-dollar bills were retained as evidence.

Prior to trial defendant moved for ". . . (a) a right to inspect, photograph and copy, prior to trial any and all physical evidence and records of all kinds intended to be used at the trial in chief by the Prosecution." The court allowed the foregoing motion, but as the basis for defendant's objection in the trial court, the prosecution never indicated that the three one-dollar bills were intended to be used as physical evidence in the trial.

The State made no effort to introduce the three one-dollar bills as evidence, but did present the testimony of three officers regarding such bills. In this connection, it should be observed that no claim is made by defendant that the bills were unlawfully seized. Defendant concedes that the bills were discovered as an incident to a lawful arrest and accordingly, no question arises concerning the suppression of such evidence on account of an illegal search or seizure.

In support of the ruling of the trial court permitting such testimony, the State cites only the cases of People v. Guston, 338 Ill 52, 169 NE 822, and People v. York,

29 Ill2d 68, 193 NE2d 773. In each of the foregoing cases, the evidence sought to be suppressed or impounded had been seized pursuant to the terms of a search warrant which search warrant in each case, the court concluded, was a proper search warrant. However, the officers who seized the property under the search warrant neglected and failed to bring such property before the judicial officer issuing the search warrant for a hearing as then required by law. The court concluded that where there had been a lawful search and seizure of property, the subsequent failure of the party in charge of such property to comply with legal requirements did not vitiate or void the search and seizure.

The Guston and York cases offer no support for the present position of the State. If the rule of such cases was applied to the facts of the case at bar, so long as the evidence was legally in the possession of the prosecution, no adverse consequences could follow from the prosecution's failure to act according to law or in accord with a court order. That the court has the power to enter pretrial discovery orders relating to tangible evidence to be used at the trial and that the prosecution is under a duty to obey such order, are the precise holdings in People v. Endress, 106 Ill App2d 217, 245 NE2d 26. Furthermore, the Endress case indicates that suppression of evidence or contempt citation are appropriate sanctions, depending on the circumstances involved. If the physical evidence itself is inadmissible, it follows that the testimony regarding such evidence is likewise inadmissible. As more fully discussed in People v. Endress, supra, the right of the defendant and the duty of the prosecution relative to physical evidence is intimately related to a fair trial and failure of the prosecution to carry out its duty cannot be viewed lightly.

However, in the case at bar we do not believe the admission of such testimony constitutes reversible error. The defendant could not have been surprised or preju-

diced by testimony regarding such bills since they were taken from him at the time of his arrest and not returned to him.

Lastly, defendant argues the trial court erred in refusing his instruction Number 6. Such instruction provided, "The jury are instructed by the Court that if they can reconcile the evidence in this case upon any other reasonable theory or hypothesis than that of the defendant's guilt, it is your duty to do so and acquit the defendant." Defendant argues that the refusal to give such instruction constitutes reversible error under the authority of Larrance v. People, 222 Ill 155, 78 NE 50, and People v. Downen, 374 Ill 146, 28 NE2d 91.

■■ Since the adoption of Supreme Court Rule 451(a), (uniform instructions in criminal cases), it is now the rule that the approved uniform instructions shall be used and modified only where the facts make the uniform instruction inadequate. In 2.05 of the Illinois Pattern Jury Instructions, Criminal, regarding definition of reasonable doubt, the drafters thereof recommend that no definition thereof be given. Numerous cases are cited which indicate the inappropriateness of attempting to define the burden of proof in a criminal case in various ways deemed more favorable or unfavorable to one party or the other. The State's instruction Number 20, (pattern instruction 2.03), were given by the court and adequately covered the burden of proof required by the State. No particular circumstances are revealed by the facts or the argument of the defendant requiring any special need for revising the uniform instructions. Accordingly we hold the instruction was properly refused.

The judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.