*In re* INTERESTS OF GENE DUGAN, a Minor, *et al.*—( GENE DUGAN *et al.,* Respondents-Appellants, *v.* DEAN MAHANNAH, Petitioner-Appellee. )

( No. 11717;

Fourth District—December 20, 1972.

N. E. Hutson, of Monticello, for appellants.

C. E. Corbett, State's Attorney, of Monticello, (Lawrence Eaton, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

A petition was filed seeking an adjudication that the respondent-appellant Gene Dugan, a minor 15 years of age, was a delinquent child. The petition alleged that Dugan, on September 17, 1971, "* * * while accompanied by Jackie Dyer, transmitted by telephone to the Cerro Gordo Community High School a false alarm to the effect that a bomb was then concealed in the Cerro Gordo Community High School building, and would soon explode and that its explosion would endanger human life, knowing at the time of such transmission that there was no reasonable ground for believing that such bomb was concealed in such building, thereby committing the offense of Disorderly Conduct in violation of Chapter 38, Section 26—1—(4), Illinois Revised Statutes of 1969."

On October 22, 1971, following an evidentiary hearing, the trial judge entered an order adjudging respondent a delinquent and this appeal is from that order.

Several ancillary issues are presented, but in our view the controlling questions involve the admission of the written confession of one Jackie Dyer who was charged with the same offense and whether or not the evidence was sufficient to establish respondent's guilt beyond a reasonable doubt.

The evidence may be summarized as follows: Ernestine Lammle, a secretary at the Cerro Gordo school, received a telephone call around

60

noon on the day in question. She was told, by a male voice, that there was a bomb in the building, and the building was evacuated until around 2:30 that afternoon. Dugan testified that he and a fellow student, Jackie Dyer left the school at 11:30, went to a restaurant and drank a coke. Dyer suggested that they call in a "bomb scare". Dugan refused to make the call and testified that he did not state his approval of the scheme. As the boys walked back to school they came to a telephone booth which Dyer entered. Dyer told Dugan he was going to call the school, entered the booth and did so. Dugan did not enter the booth and testified that he did not overhear Dyer's conversation. Dyer testified that Dugan could have heard the conversation or did hear it. Dyer admitted making the phone call in question.

■■ Dyer had also given a written confession which inculpated Dugan. This confession was made outside the presence of Dugan. Its admission into evidence during Dugan's trial was error. As to Dugan the confession was hearsay. *People v. Tunstall*, 17 Ill.2d 160, 151 N.E.2d 300.

■■ It is uncontradicted that Dyer, not Dugan, made the telephone call. Respondent's guilt, therefore, must be predicated upon the proposition that he aided and abetted the commission of the offense by Dyer, and that Dugan's conduct is that proscribed by the provisions of secs. 5—1, 5—2(c), Ch. 38, Ill. Rev. Stat. 1969. Section 5—2(c) requires the prosecution to establish, beyond a reasonable doubt, each of these three propositions:

"(1) That defendant solicited, aided, abetted, agreed or attempted to aid another person in planning or commission of the offenses;

(2) That this participation must have taken place before or during the commission of the offenses; and

(3) That it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses." *People v. Tillman* (1971), 130 Ill.App.2d 743, 265 N.E.2d 904.

■■■ A defendant's mere presence in and around the scene of the crime is not culpable (*People v. Barnes*, 311 Ill. 559, 143 N.E. 445), and even consent or knowledge, on defendant's part, that the crime is being committed does not constitute aiding or abetting. (*People v. Dalton*, 355 Ill. 312, 189 N.E. 265; *People v. Ramirez*, 93 Ill.App.2d 404, 236 N.E.2d 284.) The evidence here fails to show that Dugan furthered a common plan or that there was a concert of action between Dyer and him and this was what the People must have established in order to procure Dugan's conviction. (*People v. Washington*, 121 Ill.App.2d 174, 257 N.E.2d 190.) The most that this evidence establishes is that Dugan was aware that Dyer was making the call, and that he, Dugan, was standing

outside the telephone booth when the call was made. This falls far short, under the authorities cited, of establishing respondent's guilt beyond a reasonable doubt.

For the reasons above indicated, the judgment is reversed.

Judgment reversed.

CRAVEN, P. J., and SMITH, J., concur.