THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES H. RICHARDSON, Defendant-Appellant.

(No. 72-310;

Third District—January 30, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, James H. Richardson, entered a plea of guilty to an indictment for theft of property exceeding $150 in value and on Jan. 13, 1971 was sentenced by the Circuit Court of Warren County to a minimum of four years and a maximum of seven years. On Nov. 29, 1971 he petitioned for post-conviction relief which was denied without an evidentiary hearing by order of the trial court entered Nov. 2, 1972. The instant appeal is from that order.

Sept. 30, 1970 the defendant and Carrol Tarvin were jointly indicted for theft of property exceeding $150 in value. While being held in Warren County jail they escaped but were captured in hardly no time. They were charged with escape. There was a burglary indictment against them pending in Mason County, Illinois. There was also an indictment for assault with intent to commit murder pending against them in Garland County, Arkansas. Extradition proceedings had been had and an order entered remanding the defendants to the sheriff here for delivery to the Arkansas authorities.

The same counsel had been appointed to represent both defendants. He procured an agreement from all of the state's attorneys involved, including the one from Garland County, Arkansas that in exchange for a four to seven year sentence all charges except theft would be dropped and the extradition order vacated.

Defendant was 23 years old at the time and had one prior conviction for burglary (in 1968). He had an honorable discharge from the Army having served in Germany from 1966 to 1968. The codefendant Tarvin had served two years in prison for assault, six months for reckless driving and had been dishonorably discharged from service.

No direct appeal was ever taken. Defendant filed a *pro se* petition for post-conviction relief. An attorney was appointed and after amendments the petition asserted:

1. That trial counsel was ineffective because codefendant's interests were in conflict as shown in the record of proceedings.
2. That defendant's plea of guilty was not voluntarily and understandingly made because the negotiations were not in his presence.
3. That the three State's Attorneys and defendant's counsel actively conspired against defendant to force him to plead guilty.
4. That trial counsel was incompetent because he did not ask for probation for defendant, knowing that defendant did not have a previous felony conviction.

The People moved to dismiss the petition on the ground that there was no basis in the record to substantiate defendant's contentions and that defendant had set forth no grounds not contained in the record and that allegations in the petition were wholly unsupported either by affidavit or by reference to any proceedings before the trial court.

The trial court read the transcript and dismissed the petition without an evidentiary hearing.

■■■ While the Post-Conviction Hearing Act contemplates that evidence be taken when a claim of substantial denial is based on assertions beyond the record (*People v. Sigafus*, 39 Ill.2d 68); a trial court may properly render its decision on a motion to dismiss a post-conviction petition on the basis of "what is contained in a pleading to which the motion is directed, read in conjunction with the transcript of proceedings at the trial." *People v. Slicker*, 42 Ill.2d 307; *People v. Hamby*, 39 Ill.2d 290, 294; 15 I.L.P. *Criminal Law*, sec. 826.10.

Turning to defendant's allegations:

Allegation 1. That trial counsel was ineffective because codefendant's interests were in conflict as shown in the record of proceedings and that counsel could not properly represent both Tarvin and defendant.

The statement is a mere conclusion. Charges of incompetency of counsel cannot be based solely upon mere assertions. (*People v. Ashley*, 34 Ill. 2d 402, 411.) The sole argument presented is that Tarvin should have received a larger sentence than defendant because Tarvin had been dishonorably discharged from service and had previously spent more time in prison than defendant.

■■ Although a trial court is authorized to assign more than one lawyer in a criminal proceeding (*People v. Blevins*, 251 Ill. 381) the appointment of one attorney to represent two defendants indicted for participation in the same crime is not improper, unless the interests of the

defendants are shown to be in conflict. (*Glasser v. United States*, 315 U.S. 60, 86 L.Ed. 680, 62 S.Ct. 457, Annot., 148 A.L.R. 186.) Moreover, the right to challenge the propriety of an appointment on the basis of adversity of interests may be waived by an accused. See *Martin v. United States*, 256 F.2d, 345 *cert. denied*, 358 U.S. 921, 3 L.Ed.2d 240, 79 S.Ct. 294, holding that any contention that court appointed counsel represented others whose interests conflicted with those of petitioner was waived by a voluntary plea of guilty.

■■ Where two or more co-defendants are represented by the same counsel, some specific instance of prejudice, some real conflict of interest, resulting from the joint representation must be shown to exist before it can be said that one of the defendants has been denied the effective assistance of counsel. *United States v. Lovano*, 420 F.2d 769, *cert. denied* 397 U.S. 1071, 25 L.Ed.2d 694, 90 S.Ct. 1515.

Defendant has not set up any different circumstances with respect to matters having the effect of *mitigating his position as to the crime* or has he set up any facts showing different degrees of involvement therein. There was no difference in the degree of participation of the two defendants in the crime to which both pleaded guilty. *People v. Slicker*, 42 Ill.2d 307; Annot., 34 A.L.R.3d 470.

> Allegation 2. That defendant's plea of guilty was not voluntarily and understandingly made because the negotiations were not in his presence.

■■ Of course the preliminary negotiations, some being by letter, were not in the presence of the defendant. We are aware of no such constitutional requirement. The crucial issue is whether the defendant with all the facts before him made a truly voluntary plea with full understanding. The transcript consists of 21 pages. All matters of the preliminary negotiations and of the final agreement were set forth in great detail. In response to the question by the court: "And you have indicated to me that the only agreements or understandings which have been discussed with you gentlemen are those things which your attorney has told me here at this time, is that right?

Defendant Richardson: Yes."

> Allegation 3. That the three State's Attorneys and defendant's counsel conspired against defendant to force him to plead guilty.

■■ No factual basis is set forth. The charge in itself is incredible and was not argued on appeal. The record shows that while defendant's attorney wrote to each of the state's attorneys on behalf of defendant, the State's Attorney of Warren County did not in fact write to or communicate in any way with the other state's attorneys.

Allegation 4. That trial counsel was incompetent because he did not ask for probation for defendant, knowing that defendant did not have a previous felony conviction.

The record shows that defendant was convicted of burglary in Mason County, Illinois, in 1968. He was given probation and served six months in Vandalia as a condition of probation.

On this appeal it is further argued, "Likewise, the defendant's allegations that his plea was involuntary because of threats made by the Sheriff's personnel was deserving of determination and should not have been summarily dismissed."

Nowhere, in either his original or amended petition, did defendant raise such a claim. He did state in a letter to counsel that "he had other things to say which could not be put in a letter."

Section 122—3 of the Post-Conviction Hearing Act provides that "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1971, ch. 38, par. 122—3.)

Further, the record shows:

> "Court: Now, before I could take your plea, I want to be sure from you fellows that nobody has made any promises to you or threats against you other than what Mr. Odendahl has told me about. Would this be true * * *?
>
> Richardson: Yes, sir."

The defendant's post-conviction petition was properly dismissed, and the judgment of the Circuit Court of Warren County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.