The People of the State of Illinois, Plaintiff-Appellee, *v.* Ophem Falconer, Defendant-Appellant.

(No. 74-195;

Second District (2nd Division)—November 17, 1975.

*Rehearing denied December 17, 1975.*

David F. Smith, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Ophem Falconer, was indicted along with a co-defendant Ronald Doss by the Winnebago County grand jury for murder committed in the course of a grocery store robbery. The two men were tried together, both being represented by the same attorney, found guilty by a jury and sentenced to death. On appeal the Illinois Supreme Court vacated the death sentences, but affirmed the convictions. (See *People v. Doss*, 44 Ill.2d 541; also *People v. Doss* 26 Ill.App.3d 1, 4.) On remand defendant was sentenced to 75 to 100 years' imprisonment. Subsequently defendant filed a post-conviction petition which petition was denied on the grounds that there were no substantial denials of constitutional rights which affected defendant's trial. On appeal from the denial of this post-conviction petition defendant contends that the petition should have been granted and the cause remanded for a new trial, that he was denied effective assistance of counsel because his attorney also represented Doss, that he was denied a fair trial in that his trial was not severed from that of Doss and that he was denied a fair trial in that he did not receive effective assistance of counsel.[1]

Defendant argues that he should have had different trial counsel than Doss because two of the witnesses against them, a married couple, allegedly had reason to lie. Defendant claimed that the wife was having an affair with Doss and thus the husband had reason to want to see Doss convicted. Defendant also claims that his sister knew of this relationship.

---

[1] The trial attorney also represented defendant in the appeal to the Supreme Court.

Defendant told his attorney of this, but none of it was brought out at the trial. Defendant contends that the attorney weighed the prejudicial effect testimony as to Doss's adultery would have as to Doss's case and decided not to bring out this evidence, to the detriment of defendant.

Defendant also told his attorney that Doss had the gun used in the murder earlier on the day of the murder. There was evidence at trial that Doss had the gun earlier in the day, had bought shells for it, and had shot it that afternoon. The murder occurred around midnight. Doss was put on the stand prior to defendant and testified that defendant had the murder weapon and a gun which had been identified as one belonging to the victim at the motel where they were arrested. Defendant, next on the stand, conformed his testimony to that of Doss because he did not want to testify against Doss.

Defendant had told his attorney that he wished separate representation from Doss. His attorney admitted this, but did not follow up on separate representation because defendant did not insist on it.

The appointment of one attorney to defend two persons indicted for participation in the same crime is proper so long as the interests of the two defendants are not in conflict. (*People v. Robinson*, 42 Ill.2d 371.)

> "Where two or more co-defendants are represented by the same counsel, some specific instance of prejudice, some real conflict of interest, resulting from the joint representation must be shown to exist before it can be said that one of the defendants had been denied the effective assistance of counsel." *People v. Richardson*, 16 Ill.App.3d 830, 833.

*Richardson* went on to indicate that the defendant must set forth some different circumstances regarding matters which mitigate his position as to the crime or set forth some facts showing a different degree of involvement therein. Defendant here sets forth nothing tending to mitigate his involvement in the crime. Indeed the evidence adduced indicated that his was the most direct participation in the crime as he was the one who shot the victim to death. The argument that defendant makes as to the testimony of the married couple is tenuous at best. The argument regarding defendant's conforming his testimony to that of Doss also is of no particular help to defendant, particularly when he had furnished a confession of his involvement in the crime to the police.

There is nothing in the record to indicate that defendant was denied effective assistance of counsel in being represented by the same attorney as Doss.

The decision as to severance of trials regarding persons indicted jointly falls within the sound discretion of the trial court which must

consider whether the defenses of those being jointly tried are so antagonistic that a fair trial can only be had by severance. *People v. Yonder*, 44 Ill.2d 376, 386.

In the instant case the statements of Doss that defendant possessed the murder weapon were admitted as evidence against defendant; those statements did not include evidence that defendant pulled the trigger. Indeed, both defendants denied committing the crime at trial. However, defendant did provide a confession to police which was admitted at trial. Defendant argues that if he had not had to conform his testimony to that of Doss the evidence would have shown that he was at his sister's home at the time of the offense, that he had made arrangements to meet two girls from Chicago in Rockford, that he had met Doss and came to Rockford with him, that when he met Doss he (Doss) had a gun which he purchased shells for and shot; and that when they got to Rockford defendant saw that gun and a gun identified as the victim's in Doss's possession. This argument of defendant loses force in light of his confession and the positive identification of defendant by two eyewitnesses.

■■ In the instant case Doss did not implicate defendant, but rather defendant did so himself by his confession. The statements of defendant as to what the evidence would show at a separate trial must be considered in light of the strong evidence of guilt against defendant. Also, in denying the post-conviction petition the judge specifically found that he did not believe defendant's story as to the two girls, that he doubted their existence. He was in a position to determine credibility and we cannot say that he erred in doing so.

Defendant finally contends that he was not afforded effective assistance of counsel at his trial. He claims that he told his attorney he was with his sister at the time of the offense that she can corroborate that, but that his attorney never talked to the sister or called her as a witness. Defendant claims that he told his attorney that he and Doss were identified to the eyewitnesses as the guilty parties, but his attorney did not bring this up at trial. He claims that his parents told his attorney that his face was beaten up by the police and that he told his attorney of an allegedly improper lineup, but that his attorney did not act on this information. He also claims that his attorney did not sufficiently cross-examine the wife of the victim as to her identification of him. Defendant claims that he gave his attorney the names of two girls he was to meet on the night of the crime and that his sister could verify that but that the attorney made no use of this information. He claims that he told his attorney that the married couple might have reason to lie because of the alleged adultery between the wife and Doss, but no use was

made of this information. He claims he told his attorney that Doss, not he, had both guns and that he testified to the opposite to conform his testimony to that of Doss, as his attorney did nothing with this information. He claims that he told his attorney that he gave his statement as to the whereabout of the murder weapon only after having been beaten, but the attorney made no motion to suppress the gun.[2] Defendant also claims that his attorney observed a disproportionately low number of blacks on the jury panel, but made no motion to dismiss the panel, that he requested another attorney, but his attorney took no action on that request, and that although there was a conflict between defendant and Doss, no motion to sever was made.

The trial judge in the post-conviction hearing found against the defendant on the factual matters stated above. He found no brutality having been used toward defendant and that defendant was not described as the guilty party to the eyewitnesses. These findings had a basis in the evidence. Regarding the lineup, the judge held against defendant because there was no testimony regarding the lineup other than the statements of defendant, not enough to indicate an illegal lineup. None of these findings is contrary to the manifest weight of the evidence.

Concerning the adequacy of defendant's legal representation, as to the two girls defendant was supposed to meet, given that defendant's lawyer could not find them and that they never came to see defendant, the judge simply did not believe that they existed. Alternatively, if they did exist, he found that their testimony would not cover the time of the commission of the crime, so they could be of no help to defendant. Thus, the court found that failure of counsel to talk to these alleged witnesses was not error. This finding has support in the evidence.

As to the sufficiency of the cross-examination of the wife of the victim, the trial judge indicated that her identification of defendant was positive, that she was hysterical, and that to have kept trying to cross-examine her would have been poor trial tactics. The judge went on to find that the other matters raised by defendant in urging ineffective assistance of counsel were within the discretion of trial counsel.

■■ For a conviction to be reversed for ineffective assistance of counsel, the record must indicate substantial prejudice to the defendant, absent which the outcome of the trial would have been different. (*People v. Georgev*, 38 Ill.2d 165.) Assuming that defense counsel had done all the things defendant argues he should have done, we cannot say that the outcome of the trial would have been different. Defendant was identified by two witnesses at the scene, a gun which belonged to the victim was found in defendant's motel room, defendant told codefendant

---

[2] A motion to suppress the revolver was in fact made but on other grounds.

to show police where the murder weapon was hidden (near the motel where the two were found), and defendant furnished a confession. Error in judgment alone is not incompetence of counsel. (*People v. Green,* 36 Ill.2d 349.) Reviewing the competence of counsel does not encompass matters of judgment, discretion, or trial tactics, even though counsel on appeal or the reviewing court might have conducted the defense differently. (*People v. Wesley,* 30 Ill.2d 131.) (See also *People v. Washington,* 41 Ill.2d 16.) Trial counsel indicated at the post-conviction that by the time of trial, both defendants, who had "changed their stories" several times, were agreed on alibis. The record indicates no prejudice to defendant and we hold that he was not denied the effective assistance of counsel.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.