*In re* TERRY JOHNSON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TERRY JOHNSON, Respondent-Appellant.)

First District (3rd Division)    No. 62235

Opinion filed July 22, 1976.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kevin Sweeney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
Respondent, Terry Johnson, a minor, appeals from an order of the circuit court of Cook County committing him to the Juvenile Division of the Department of Corrections for the offense of robbery. He contends

that a judicial "admission" made by him should have been rejected by the trial court because it was unsupported and negated by the record, and that the trial court was without jurisdiction to commit him because he had not been found delinquent nor adjudicated a ward of the court.

The record discloses that on December 30, 1974, a petition for adjudication of wardship was filed, alleging that respondent—then 15 years old—was delinquent in that on December 28, 1974, he had committed the offense of robbery in violation of section 18—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 18—1). The report of proceedings indicates that respondent was represented by an Assistant Public Defender at his initial court appearance of December 30, 1974, when the following exchange took place:

"The Sheriff: Next case your Honor, is Terry Johnson, sheet 2 line 9.

Mr. Spector [Assistant Public Defender]: I advised him of his right to a trial and also advised him of the possible consequences of an admission, and at this time, Terry would like to make an admission to the charge.

The Court: Terry Johnson, you are admitting to the offense of robbery, you took the purse of one Wilma Rayden, did you? Can you talk?

The Respondent: Yes, sir.

The Court: And is it true that you did it?

The Respondent: I didn't do it, but I was with the boy who did it.

The Court: And now, did you and him share in the money?

The Respondent: Yes, sir.

The Court: Can you tell me why you did a thing like this?

The Respondent: I didn't know he was going to do it, I was riding him on the bike and he just snatched the lady's purse. And then I just rode around and he just gave me $4. And I just gave it back to the police and the police just took us both down and the lady didn't I.D. nobody.

The Court: And did you know that you could be sent to jail until you are 21 years of age?

The Respondent: Yes, sir.

The Court: Are you asking for a finding?

Mr. Raab [Assistant State's Attorney]: No finding, social investigation.

*    *    *

The Court: This is the last chance that you are going to get *    *    *, date for social investigation out of custody."

The "half-sheet" contains an entry that an admission was entered, that

there was no finding, and that a social investigation was to be conducted. Respondent was then released from custody to his mother and the matter was continued to February 3, 1975.

On February 3 the proceedings were conducted before another judge of the circuit court, and a social report was orally presented by a probation officer at that time. The Assistant State's Attorney asked the court to commit respondent to the Department of Corrections, and the probation officer was questioned about placing him in a program called "U.D.I.S." The Assistant State's Attorney then made reference to the injuries suffered by the victim of the robbery, and the court said:

> "He has had chances. It seems that he is just not going to obey [sic] the law and I am not going to wait until he is going to seriously injure—he has seriously injured somebody already. * * * Committed to the Department of Corrections in the Juvenile Division for the charge of robbery. This Court feels that after going through the entire background of this Respondent, 15 years of age, will attain the age of 17 on May 11th, that his long record, in fact as late as June 73 and was placed on probation for one year on a charge of robbery and that his probation was terminated unsatisfactorily. Three months thereafter he committed the offense in which this Court is committing him to the Department of Corrections. The Court therefore feels that for the respondent's own safety and welfare and for the safety of society in general, it has no alternative but to commit him to the Department of Corrections."

A standard printed form of dispositional order was entered which committed respondent to the Juvenile Division of the Department of Corrections. In its printed recital the order stated:

> "The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian, or legal custodian is unfit, unable, or unwilling to care for, protect, train or discipline the minor."

## I.

Respondent first urges that the order accepting his "admission" be vacated. He argues that his statement before the court on December 30 contains facts which negate both active culpability and culpability through accountability. The State argues that respondent's admission was valid because it was voluntary, and that his accompanying claims of innocence do not negate the validity of the admission. We will look at the

whole statement to determine its sufficiency as an admission of culpability.

The Assistant Public Defender indicated that respondent wanted to make an admission and that he had been advised of the consequences. When questioned by the court about the taking of the purse, respondent said he did not do it, and that although he was with the boy who did it, he did not know the boy was going to do it. He further stated that he was riding the boy around on his bike when the boy took the lady's purse, and that afterwards "I just rode around and he just gave me $4."

■■ A person is accountable for the conduct of another if with specific intent he aids or abets another in the commission of an offense during the commission. (Ill. Rev. Stat. 1973, ch. 38, par. 5—2.) While mere presence at the scene of a crime and consent to its commission do not constitute aiding or abetting *(In re Dugan* (1972), 9 Ill. App. 3d 58, 291 N.E.2d 303), proof of acts in furtherance of a common design or purpose to commit a crime need not be supported by words of agreement, but may be drawn from circumstances surrounding the commission of the act by the group. *(People v. Richardson* (1971), 132 Ill. App. 2d 712, 270 N.E.2d 568.) There is no dispute in the instant case that the offense of robbery was committed by another boy while respondent was riding him on the bicycle. There is no question that respondent knowingly transported the other boy from the scene of the crime on a "get-away vehicle" and shared in the proceeds of the robbery, being the contents of the purse which was taken. The circumstances are sufficient to establish accountability under the statute. Respondent's statement, taken as a whole, contains sufficient facts to establish culpability through accountability. Therefore, the trial court did not err in accepting the statement as an admission.

II.

Respondent also contends that the trial court was without jurisdiction to commit him to the Department of Corrections; first, because he had not been found delinquent, and second, because he had not been adjudged a ward of the court as required by section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8). Section 4—8 provides:

"§4—8. Findings and Adjudication.

(1) After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1. If it finds that the minor is not such a person or that the best interests of the minor and the public will not be served by adjudging him a ward of the court, the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding.

(2) If the court finds that the minor is a person described in Section 2—1 and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent, otherwise in need of supervision, neglected or dependent, specifying which of Sections 2—2 through 2—5 is applicable, and shall adjudge him a ward of the court and proceed at an appropriate time to a dispositional hearing.

(3) An adjudication of wardship hereunder is a final judgment for purposes of appeal. The appellee shall be the People."

The precise provision of the dispositional order in the instant case was previously considered by this court *(In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517). There we held that the finding—whether the minor is found delinquent, otherwise in need of supervision, neglected or dependent—was recorded by the trial court in the written commitment order which stated that the minor "has been adjudged a delinquent." (37 Ill. App. 3d 10, 13.) Therefore, compliance with the requirement was established by the record. However, in *Barr,* we held that section 4—8 requires the trial court to make an explicit adjudication that the minor is a ward of the court before the court has authority to enter a dispositional order. (Also see *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610 .) In the instant case we find that no explicit adjudication of wardship had been entered of record by the trial court.

■■ For the foregoing reasons, this cause is remanded to the circuit court of Cook County with directions to determine whether there was an adjudication that it was in the best interests of the respondent and public that respondent be adjudged a ward of the court and be committed to the Department of Corrections. If it be determined that no adjudication of wardship was made, the court shall decide whether or not to make such adjudication. If the court finds that there was an adjudication of wardship or makes such adjudication upon remand, the order committing respondent shall stand. If the court finds that respondent has not been and should not be adjudged a ward of the court, the order of commitment shall be vacated, the petition dismissed, and respondent discharged. The findings of the court on remand shall be entered of record.

Remanded with directions.

DEMPSEY and McGLOON, JJ., concur.