**STATE of Iowa, Appellee,**

v.

**Harvey William BONE, Appellant.**

**No. 54968.**

Supreme Court of Iowa.

Sept. 19, 1972.

Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., for appellee.

MOORE, Chief Justice.

Defendant was charged, tried, convicted and sentenced for the crime of breaking and entering in violation of Code section 708.8 and has appealed. We affirm.

The sole error assigned is trial court's failure to sustain defendant's motion for directed verdict made at the conclusion of the State's case and after he had elected to offer no evidence. Defendant asserts the evidence was insufficient to support the conviction.

I. On the issue of insufficiency, the evidence and all reasonable inferences therefrom are considered in the light most favorable to the State. If there is substantial evidence reasonably tending to support the charge the issue should be submitted to the jury. It is necessary to consider only the evidence which tends to support the verdict. However, the State must prove all the essential elements of the charge and any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt. It must do more than raise a suspicion, speculation or conjecture. The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Hackett, Iowa, 197 N.W.2d 569, 571; State v. Stamper, Iowa, 195 N.W.2d 110, 111; State v. Link, Iowa, 171 N.W.2d 259, 260, 261 and citations.

II. The trial evidence discloses that about 2:00 p. m., Sunday, November 29, 1970, William Smid, manager of Jacobsen Warehouse Company, went to the warehouse in Des Moines. A Hertz truck was backed up to the warehouse door. He observed two men inside the chain-link fence enclosing the building. Being unknown to him, Smid pursued the two men as they ran around the building. When he reached the corner of the building he saw a third man go toward the fence. Smid testified he was within six feet of this man who crawled under a gate to flee from the premises. Later in a police lineup he identified defendant as that man.

The rented truck contained 113 cases of AAtrex. a farm chemical, which had been stored in the warehouse. Found therein also was a bolt cutter. A link in the chain

on one of the gates had been cut. Several warehouse windows had been broken. The warehouse doors on which there were burglar alarms had not been opened. A warehouse employee testified all doors were locked and no windows broken when he closed the warehouse Friday evening, November 27. Both Smid and the employee testified they had not given defendant permission to enter the warehouse. On cross-examination Smid testified the owner and a tenant had keys to the warehouse doors.

Shortly after discovery of the conditions at the warehouse Smid reported the matter to police officers and later that day recognized defendant's photograph. Defendant was arrested on warrant and after Miranda warnings stated he had not participated in the breaking and entering but knew the three perpetrators as he had picked them up about two miles from the warehouse. He did not name them.

III. The main thrust of defendant's argument is the evidence was insufficient to negative want of consent to enter the warehouse as the owner and tenant did not testify. Included in the court's element instruction it was required the State prove beyond a reasonable doubt that defendant unlawfully did break and enter the warehouse. "Unlawfully" was defined as "without legal right or lawful excuse."

■ Want of consent by the owner or occupant to enter into his premises may be proved by circumstantial evidence. White v. People, 172 Colo. 271, 472 P.2d 674, 675–676 (1970); State v. Spaise, 250 Or. 354, 442 P.2d 611, 612 (1968); Johnson v. State, 157 Fla. 328, 25 So.2d 801, 803 (1946); People v. Tobin, 2 Ill.App.3d 538, 276 N.E.2d 828, 830 (1971); Davis v. State, 44 Ala.App. 284, 207 So.2d 649, 652 (1967).

■ Under the circumstances shown by the evidence in this case we find there was sufficient evidence for the jury to believe defendant participated in the breaking and entering and that entry was without authority.

We find no merit in the appeal and affirm the trial court's judgment.

Affirmed.

All Justices concur.