(No. 44527.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JOSE ROLDAN *et al.,* Appellants.

*Opinion filed March 20, 1973.*

SAYMOUR J. MANSFIELD, RONALD GOLDBERG and THOMAS F. GERAGHTY, all of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and C. BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

The defendants, Jose Roldan, Michael Neumann and Mark Tellez, and three others who are not parties to this appeal, were convicted of the offense of mob action (Ill. Rev. Stat. 1971, ch. 38, par. 25—1(a)(2)) after a bench trial in the circuit court of Cook County. Roldan and Neumann received sentences of 30 days in the House of Correction and Tellez was placed on probation for one year. They have appealed directly to this court.

Among the contentions advanced are constitutional complaints and the claim that the defendants' guilt was not shown beyond a reasonable doubt. As we conclude that the evidence did not show beyond reasonable doubt that the defendants were guilty under the statute involved, it will be unnecessary for us to examine the other contentions of error.

The record shows that about 10:30 P.M. on April 6, 1971, six Chicago police officers, responding to a telephoned complaint, appeared at a large schoolyard or playground adjacent to the LeMoyne School in Chicago. Neither the nature of the complaint nor the identity of the complainant appears in the record. In the playground at the time were 20 or 30 youths. The testimony of one police officer was that the youths were in a single group,

while another officer testified they were in groups. As the officers moved into the playground, apparently in squad cars, two or three shots were fired in their direction from within the playground. Officer Walter Dworak testified that two bullets struck his squad car. At that, he said he fired a warning shot. The witness stated that when he fired this shot, some of the youths began to run toward the playground fence and some toward a shelter which was apparently adjacent to the fence. Others simply dropped to the ground and remained there. Near the fence Officer Dworak picked up three handguns and three knives, which had been thrown away by the youths who had run toward the shelter and the playground fence. Officer Dworak arrested the defendants Neumann and Tellez, who were among those who dropped to the ground and did not flee at the warning shot. Officer George Aguado testified that after the warning shot had been fired he arrested a juvenile who had climbed over the playground fence. The juvenile, not a subject in the prosecution concerned in this appeal, had in his possession a handgun which, it was testified, had been recently fired. There was no evidence that the guns found by Officer Dworak had been recently discharged. Officer Leonard Yunker testified that he had arrested the defendant Roldan and another youth, who is not a party to this appeal. It would appear from his testimony that Roldan and the other youth were arrested as they were about to leave the playground, but Roldan and the other youth denied they were in the playground at the time of their arrest. Roldan stated that he had walked his girl friend to a location some blocks from the playground and that he had been arrested when he returned to the vicinity of the playground. The girl friend's testimony corroborated the testimony that Roldan had walked with her to get a taxi. The youth arrested with Roldan testified that he and Roldan were walking on the opposite side of the street from the playground when they were arrested. He said that a police officer called to them and ordered them to come

over to the squad car. When they did they were arrested. He testified that he had heard shots and had seen people running, but that neither Roldan nor he had been in the playground at the time.

The defendants were prosecuted under section 25—1(a)(2) of the Criminal Code of 1961. (Ill. Rev. Stat. 1971, ch. 38, par. 25—1(a)(2).) The entire section reads:

"Mob Action

(a) Mob action consists of any of the following:

(1) The use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law; or

(2) The assembly of 2 or more persons to do an unlawful act; or

(3) The assembly of 2 or more persons, without authority of law, for the purpose of doing violence to the person or property of any one supposed to have been guilty of a violation of the law, or for the purpose of exercising correctional powers or regulative powers over any person by violence.

(b) Any person engaged in mob action shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed 30 days, or both.

(c) Any participant in a mob action which shall by violence inflict injury to the person or property of another shall be fined not to exceed $1,000 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or in the penitentiary from one to 5 years, or both fined and imprisoned.

(d) Any participant in a mob action who does not withdraw on being commanded to do so by any peace officer shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

It is clear that the conduct of the defendants which was disclosed by the evidence did not fall within the design and proscription of sec. 25—1(a)(2). It will not be necessary to consider minutely and exhaustively possible

factual situations which will constitute a violation of the section. Principally, it makes criminal a coming together of persons to do an unlawful act. The evidence presented by the People here was entirely insufficient to show the defendants' participation in an assembly for an unlawful purpose. The evidence offered by the prosecution was entirely consistent with the innocent presence of the defendants on the playground, or in the case of Roldan, possibly outside the playground. The prosecution evidence was conflicting even as to whether there was one group, or more than one, and the evidence was only that the shots had come from the playground area. The proof was insufficient to show the defendants in an assembly to commit an unlawful act. And there was no evidence personally linking the defendants with the vicious and cowardly shooting.

We have said: "Due deference to the trial judge's appraisal of the witnesses' credibility does not excuse this court from its duty to examine the evidence to determine whether guilt has been established beyond a reasonable doubt." (*People v. Butler, 28 Ill.2d 88, 91.*) The evidence here did not establish the defendants' guilt under the statute.

For the reasons given, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*