The People of the State of Illinois, Respondent-Appellee, *v.* Danny Tobin, Petitioner-Appellant.

(No. 73-376:

Fifth District—December 26, 1974.

Robert Farrell, of Mt. Vernon, and Steven Clark, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Appellant Tobin was convicted of burglary and sentenced to a 15- to 25-year term in the penitentiary. On appeal this court affirmed the conviction but reduced his sentence to a minimum of 7 and a maximum of 20 years. *People v. Tobin,* 2 Ill.App.3d 538, 276 N.E.2d 828.

Thereafter, Tobin filed a post-conviction petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, par. 122—1 *et seq.*).

Tobin's sole contention on appeal is that he was denied due process because the trial judge, as indicated by his statements and rulings, was prejudiced against him. Since petitioner's evidentiary hearing was to be held before the judge before whom he was tried, petitioner filed, in conjunction with his petition, a motion to have the judge disqualified. The judge was included in the petitioner's list of witnesses. The record does not contain any formal ruling on the motion. The judge presided at the evidentiary hearing and denied the post-conviction petition. The judge's alleged prejudice was not argued by petitioner at the hearing.

■■  The right to be heard before a different judge in a post-conviction proceeding is not absolute, but in certain instances a trial judge should recuse himself when it appears that he may be biased or may be a potential witness. (*People v. Wilson*, 37 Ill.2d 617, 230 N.E.2d 194.) Petitioner alleges that certain rulings made by the judge during trial and his remarks after the trial indicate that he was biased, denying the petitioner due process of law. The petition contained the following allegations:

> "That Petitioner was denied Due Process of Law in violation of the Illinois Constitution of 1970 (and earlier Constitution), Article I, Section 2 as well as the United States Constitution, Amendment V and Amendment XIV, Section 1, in that the Trial Court Judge—Honorable Harold O. Farmer—was prejudiced which denied Petitioner a fair trial since:
>
> (a) Robert Rice, State's Attorney, informed Harold Farmer in the presence of James West, U.S. Marshall, and Petitioner, that Petitioner had to be taken to Tennessee for another trial, and Harold O. Farmer remarked in words to the effect: 'Well he (Danny Tobin) should never have went to trial here.'
>
> (b) That the Public Defender objected 12 times during the trial and only 2 of the objections were sustained, whereas 10 of the objections were overruled.
>
> (c) After sentencing Petitioner to 15 to 25 years, Honorable Harold O. Farmer informed Petitioner: 'I don't know what effect an appeal in this case would have on the Parole Board, when you come up for parole; that is something for you to decide.' "

■■  All of the aforesaid allegations are completely lacking in merit. Petitioner's factual allegations, if proved, would not have shown that the trial judge was biased against the petitioner during the trial. Then, too, assuming there is merit in one or more of the allegations, no evidence was offered at the post-conviction hearing to sustain any of them. The trial judge's failure to recuse himself in the subsequent post-conviction pro-

1072

ceedings under the circumstances of this case would at most constitute harmless error. Therefore, we conclude that the circuit court's disposition of the cause should not be disturbed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.