THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD M. WOODS, Defendant-Appellant.

(No. 74-423;

Fifth District—June 13, 1975.

*Rehearing denied July 11, 1975.*

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Ronald M. Woods, from a judgment of conviction entered on a plea of guilty to the offense of armed robbery by the circuit court of Madison County and the imposition of a sentence of not less than 4 years' nor more than 6 years' imprisonment.

The sole issue with which this court is confronted on appeal is whether the defendant's maximum sentence should be reduced from 6 years to 4 years and a day.

We delineated the scope of our review of excessive maximum sentences in *People v. Petty,* 25 Ill.App.3d 35, 322 N.E.2d 603. Therein we stated, "Although this court has the power to reduce a maximum sentence (*e.g., People v. Tobin,* 2 Ill.App.3d 538, 276 N.E.2d 828), it is not our function to determine the propriety of the sentence imposed by the trial court based on what we might have done. Our function is, instead, to determine whether the trial court properly exercised its discretion in imposing sentence. (*People v. White,* 22 Ill.App.3d 180, 317 N.E.2d 323.)" (25 Ill.App.3d 35, 39.) See also *People v. Whitey,* 26 Ill.App.3d 212, 324 N.E.2d 665; *People v. Thurston,* 25 Ill.App.3d 900, 323 N.E.2d 1.

While in the instant case, we are not unmindful of evidence the defendant presented in mitigation, which included testimony that the defendant was employed, seeking treatment for alcoholism, and pursing his education, we must also consider the seriousness of the defendant's offense. The defendant pled guilty to the offense of armed robbery. Our legislature has seen fit to establish a minimum sentence of 4 years for the offense of armed robbery. (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2, 1005—8—1.) The seriousness of the armed robbery in the instant case was compounded by the fact that following the perpetration of the armed robbery the defendant forced the victims of the crime to accompany him from Granite City to Missouri. In view of this fact and the serious nature of armed robbery, we are unable to say that the maximum sentence imposed in the instant case, 6 years, exceeded the discretionary authority vested in the trial court. Consequently, we would not be inclined to reduce the sentence of 4 to 6 years imposed by the trial court in the instant case.

Equally significant is the fact that our statutes provide for the imposition of an "indeterminate sentence." (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) Reviewing courts have insisted on the preservation of the

principle of indeterminacy. (*E.g., People v. Smythe,* 132 Ill.App.2d 685, 270 N.E.2d 431; *Abernathy v. People,* 123 Ill.App.2d 263, 259 N.E.2d 363; *People v. White,* 93 Ill.App.2d 283, 235 N.E.2d 393.) Since the requested reduction of the maximum sentence imposed by the trial court to 4 years and a day would not be in keeping with the principle of indeterminacy, we find ourselves unable to determine that the trial court improperly exercised its discretion. As a result we can find no error in the sentence imposed by the trial court.

Having thus decided, we affirm the judgment of conviction entered by the trial court and the sentence imposed thereunder.

Judgment affirmed.

CARTER and KARNS, JJ., concur.