THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE DELBERT LODEN, Defendant-Appellant.

(No. 74-156;

Second District (2nd Division)—August 27, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Martin Moltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of burglary and filed a petition for post-conviction hearing. After the hearing the trial court denied the petition, from which ruling the defendant appeals on the following grounds: (1) that he was denied due process of law because his counsel was not properly prepared and did not represent him adequately at the post-conviction hearing, (2) that the trial court erred in refusing to allow the motion of defendant's counsel to amend the post-conviction petition after objections were made to certain portions of it by the State's Attorney, (3) that the trial court committed an abuse of discretion when he denied a motion for substitution of judges at the hearing of the post-conviction petition.

As to the defendant's first contention, it appears that the State's Attorney objected to the form of the petition, paragraph by paragraph, on grounds that appear to be substantially justified. Defense counsel at the hearing on the petition moved to have additional time to clarify the petition.

The court denied the motion to amend the post-conviction petition and indicated that it was the court's opinion that the petition was not capable of being rehabilitated. He said, "I think that counsel could not rewrite the petition to lend any greater authenticity than the form in which the petition is submitted." The petition contained an allegation that the State's Attorney and defense counsel at the original trial had a bet on the time it would take to dispose of the case and that the trial judge (the same judge who was considering the post-conviction petition) was aware of such bet. The court ruled that issue could be considered. Also, by amendment, if the proof so indicated, he would allow argument on a point as to prejudice from introduction of a conviction for a prior misdemeanor which defendant claimed was improperly admitted at his burglary conviction. The rest of the petition, the judge ruled, was irrelevant or improper as raising matters properly considered only on a direct appeal.

■■ While, therefore, the allegation might be made that defense coun-

sel should have anticipated the objections to the form of the petition and amended the petition, we must consider here whether or not the failure to amend by defense counsel actually prejudiced the defendant—that is, would the result have been different if the petition had been more artfully drawn? In considering the petition we find that the first paragraph must be eliminated as it pertains to another charge, not the present conviction. The second paragraph cannot be considered because it contains allegations raised in the direct appeal and already passed upon by this court, being now res judicata. The third paragraph, being concerned with preliminary matters not of a constitutional magnitude, is likewise inappropriate. The fourth paragraph contains serious allegations of police misconduct which would raise constitutional issues; however, the allegations were considered at the trial and on direct appeal and rejected, in view of the jury verdict against the defendant which considered the same charges. The jury's verdict was upheld on appeal. (*People v. Loden*, 27 Ill.App.3d 761.) The 6th, 7th, 9th, 10th and 11th paragraphs do not raise an issue cognizable under the post-conviction statute. The eighth paragraph relating to the alleged bet was allowed to be considered, together with the question of prejudicial testimony of a previous conviction already alluded to which was offered by way of amendment.

It is clear from this brief analysis of the defendant's post-conviction petition that a mere rewriting of the petition in clearer language would be of no help to the defendant since either the substance was missing on which to base a constitutional violation or the substantial allegations have already been preempted by prior consideration on appeal. Also, a review of petitioner's testimony fails to reveal any significant allegations which could have properly been added, nor does petitioner suggest in what manner the petition should have been amended. We find the situation in this regard therefore to be analogous to the considerations which determined the court's decision in *People v. Dodd*, 58 Ill.2d 53, where the court, dealing with the defendant's contention that his counsel failed to properly amend his *pro se* petition, said:

> "Petitioner argues, too, that he was not adequately represented in the circuit court in that counsel failed to amend the *pro se* petition. Petitioner does not contend that failure to amend the *pro se* petition resulted in the omission of any significant allegation, nor does he suggest in what manner the petition should have been amended. Under the circumstances shown failure to amend the petition does not support the contention that petitioner was inadequately represented. *People v. Bowman*, 55 Ill.2d 138." 58 Ill.2d 53, 56.

While, therefore, counsel failed to amend defendant's *pro se* peti-

tion, we cannot say that with substantially the same content such amendment would have altered the result. As a practical matter, therefore, we fail to find any prejudice to the defendant in counsel's failure to amend the petition and it is therefore not grounds for reversal.

The defendant's contention that the court erred in not granting the motion for substitution of judges has two facets. First, the defendant says the post-conviction hearing is in the nature of a criminal trial and invokes section 114—5(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(c)), which reads as follows:

"(c) In addition to the provisions of subsections (a) and (b) of this Section [dealing with substitution as a matter of right] any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

The defendant contends this subsection requires that upon his motion for substitution of judges he must be granted a hearing on the question of prejudice. He maintains his post-conviction petition contains the necessary affidavit, that cause was shown and a separate hearing should have been held on the motion to substitute. We find this contention to be without substance. Even if the defendant complied with the provisions of subsection (c) of section 114—5 we do not believe the section requires anything more than a hearing on the motion as was accorded in this case at the outset when the motion was made in the post-conviction proceeding. The judge remarked that he recalled the incidents which are the bases of the defendant's contention in this regard and felt that he was not prejudiced and should not withdraw. A motion for substitution of judges is not granted as a matter of right in post-conviction proceedings. (See *People v. Wilson*, 37 Ill.2d 617; *People v. Gaines*, 21 Ill.App.3d 839; *People v. Tobin*, 24 Ill.App.3d 1070.) *People v. Wilson* holds that a post-conviction hearing is not a criminal proceeding and therefore a motion for substitution of judges is not granted as a matter of right but is within the discretion of the trial court.

However, in *People v. Wilson* it was pointed out that where possible prejudice was shown by the affidavit or if the judge was a potential witness in the post-conviction hearing, then the failure to recuse himself constitutes error. Here the allegation is made that the trial court was aware of the bet between defense counsel and the State's Attorney regarding the length of the defendant's trial. Both the State's Attorney and defense counsel denied there was such a bet and in this regard the record shows the following statement by the judge:

"And with respect to the allegations of a bet between counsel, it

is my recollection that this was denied by counsel. And it did not, as Mr. Doyle says, have anything to do with the outcome of the case. And there is no evidence or proof that this took place. There were discussions in Chambers relative to this alleged incident, and I considered it at that time and did what I thought was appropriate."

■■ Does this in anyway have any bearing on the merits of the defendant's post-conviction petition? While the knowledge of the existence of such a bet would indicate tolerance of a less than responsible attitude on the part of attorneys who are officers of the court, it was the jury who found the defendant guilty, and aside from the issue as to the alleged bet and the further question of testimony of a previous conviction, which appears to have been admissible and in order, there is no allegation that the trial court acted in a manner prejudicial to the defendant. The alleged bet, therefore, while it might indicate some lack of discipline by the court, had no bearing on the result of the trial. No one contends that such bet, if any, was known to the jury. Therefore, we are of the opinion that failure to grant defendant's motion did not, under the circumstances, affect the merits of the case and does not raise a constitutional issue because the nature of the charge relates to mere impropriety, rather than harmful prejudice affecting the defendant's guilt or innocence.

■■ The other aspect of the charge of prejudice relates to the admission by the judge of testimony of a previous conviction for a misdemeanor. This objection was, we think, unfounded. It appears that the defendant himself opened the door to the admission of this record when he attempted to show hostility of the police against him by charging that they had accused him falsely, in a previous case, of aggravated assault. The State, thereupon, introduced the record of that aggravated assault conviction. We think the judge ruled properly and such testimony was not improper since the previous charge was first alluded to by the defendant.

It appears that the defendant's post-conviction petition was properly dismissed and the judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.