THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DONALD SMALLEY, SR., Petitioner-Appellant.

(No. 74-306;

Second District (2nd Division)—November 17, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

James M. Carr, State's Attorney, of Sycamore (Martin P. Moltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Donald Smalley, Sr., was indicted by a De Kalb County Grand Jury for attempt murder and aggravated assault. A jury found him guilty of both offenses and he was sentenced to concurrent terms of three to twenty and one to five years' imprisonment. Defendant, while in the penitentiary, filed a post-conviction petition, which petition was amended and later dismissed on grounds of mootness and res judicata. Defendant contends on appeal that the cause is not moot, that the cause is not barred by res judicata, and that he did not receive effective assistance of counsel in the post-conviction proceedings.

■■ At the time the amended petition was dismissed, defendant had been out of prison on parole for three months. One of the grounds stated by the judge below in dismissing the petition was mootness. The State argues mootness based on the Post-Conviction Hearing Act which makes relief available to "[a]ny person imprisoned in the penitentiary." (Ill. Rev. Stat. 1973, ch. 38, par. 122—1.) The record shows that without doubt the delay between the filing of the original petition herein (January 28, 1972) and the hearing on July 2, 1974, was not occasioned by the fault of Smalley who attempted a mandamus proceeding to compel an earlier hearing.

> "As there are obvious advantages in purging oneself of the stigma and disabilities which attend a criminal conviction, we see no reason to so narrowly construe this remedial statute as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends." (*People v. Davis*, 39 Ill.2d 325, 329.)

The petition in the instant case should not have been dismissed as moot.

However, the petition was properly dismissed as res judicata. Defendant had previously taken an appeal from his conviction. (*People v. Smalley*, 10 Ill.App.3d 416.) Where an appeal is taken from a conviction, the judgment of the appellate court is res judicata regarding all issues raised or which could have been raised in his direct appeal. *People v. French*, 46 Ill.2d 104; *People v. Derengowski*, 44 Ill.2d 476; *People v. Kamsler*, 40 Ill.2d 532.

Defendant urges the exception to this rule, as stated in *People v. Thomas*, 38 Ill.2d 321. *Thomas* indicated that one was not precluded from raising issues in a post-conviction petition which were of constitutional dimension and depended on facts outside the record where the decision in the appellate court was restricted to the record. However, defendant neglects to point out that in *Thomas* the post-conviction petition was supported by accompanying affidavits.

■■ In the instant case, defendant's petition is totally unsupported by affidavit. The Post-Conviction Hearing Act requires that the petition be accompanied by affidavits, records, or other evidence to support its allegations, or that it state why such are not attached. (Ill. Rev. Stat. 1973, ch. 38, par. 122—2; *People v. Morris*, 43 Ill.2d 124.) Unsupported conclusionary statements are insufficient to require a hearing under the Post-Conviction Hearing Act. (*Morris; People v. Arbuckle*, 42 Ill.2d 177.) A nonmeritorious post-conviction petition may be dismissed without an evidentiary hearing on the basis of what is contained in the petition and what is revealed in the record of trial and other proceedings. *People v. Spicer*, 47 Ill.2d 114.

■■ Upon a review of the record we hold that the allegations in defendant's post-conviction petition could have been raised on direct appeal and are therefore waived. The petition was properly dismissed without a hearing.

Defendant contends that the record reflects that his appointed counsel did not examine the entire record of proceedings in the trial court and failed to amend defendant's *pro se* petitions. Supreme Court Rule 651(c) requires that the attorney consult with petitioner to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings at the trial, and make any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioners' contentions. See *People v. Slaughter*, 39 Ill.2d 278.

■■ At the hearing defendant's appointed counsel argued that res judicata should not apply to defendant's contention that trial counsel was not competent in that trial counsel failed to object to alleged prejudicial comments of the prosecutor during closing argument and that

he failed to raise the alleged error in the motion for a new trial. This court on page 427 in the direct appeal stated, "Since the arguments were not of a nature which would deprive defendant of a fair trial, we do not consider them." Res judicata does apply to this contention.

Counsel also asked for a continuance to study the report of proceedings of the *voir dire* which he had just received and had no opportunity to review to determine whether Smalley's amended *pro se* petition should be further amended. In the amended *pro se* petition defendant contended that he had been denied an impartial jury in that one of the jurors had been a justice of the peace, a friend of the trial judge, knew some law enforcement officials, and as a member of the zoning board of appeals of De Kalb County had worked with the State's Attorney. No objection was made to the seating of this juror by the defendant who was fully aware of these facts which were brought out on the *voir dire* examination of this juror. Pertinent portions of the *voir dire* testimony of this juror was incorporated into the amended post-conviction proceeding. All of the *voir dire* was previously available to the attorney who stated in open court that he had examined the record in February or March of 1973 but did not again look at the record. The complete record, including the *voir dire* examination of jurors, went to the Appellate Defender Project when they handled the direct appeal. Any error shown in the selection of the juror in question could have been raised on the direct appeal. Post-conviction is not intended to provide a defendant with a second review of matters which have already been considered or could have been considered.

■■ On this appeal petitioner does not contend that the failure to amend the *pro se* petition or to again study the *voir dire* resulted in the omission of any significant allegation nor does he suggest in what manner the petition should have been amended. We fail to find any prejudice to the defendant in counsel's failure to amend the amended petition or to again study the *voir dire* transcript. See *People v. Dodd*, 58 Ill.2d 53; *People v. Loden*, 31 Ill.App.3d 612, 614-15, 334 N.E.2d 337, 339.

The defendant's post-conviction petition was properly dismissed and the judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.