*In re* TWANDA LYNN KIRBY, Alleged Delinquent Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TWANDA LYNN KIRBY, Respondent-Appellant.)

Fourth District    Nos. 13752, 13887 cons.

Opinion filed August 1, 1977.

KASSERMAN, J., dissenting.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

A six-count delinquency petition was filed against Twanda Lynn Kirby, a minor. The trial court entered a finding of delinquency on one count and dismissed the other five. The minor appeals, raising the issue of reasonable doubt, and we reverse.

The petition arose from an attack on Celeste Thome and Debbie McDonald as they were walking home from a bowling alley. From a passing car, an unidentified voice called out to the girls, "Hey baby, come here." The car then stopped. Three persons exited from the car and one of them got back in. The respondent and Alfred Williams were identified as the two who remained outside the car. Celeste and Debbie began to run and Kirby and Williams gave chase. Williams grabbed Celeste and hit her in the face. Someone hit Debbie in the stomach, but she could neither describe nor identify who hit her. During the chase, someone said,

"Which one do you want?" but neither victim could identify the voice at trial.

Kirby was charged with four counts of battery and two counts of mob action. Two of the four battery counts grew out of a prior incident which is not at issue here. The trial court entered a finding of not guilty as to one count of mob action and all the battery counts. Kirby was found guilty of mob action on the sixth count.

■■ Section 25—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 25—1) defines mob action as the use of force or violence disturbing the public peace by two or more persons acting together and without authority of law, or the assembly of two or more persons to do an unlawful act. The mob action statute has been interpreted to carry with it the requirement of a mental state. *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450.

■■ Juveniles can be adjudged delinquent only when the evidence satisfies the trial court of the facts constituting the delinquency beyond a reasonable doubt. (*In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068; *People v. Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716.) The reasonable doubt standard applies to the proof of mental state as well. (*People v. Johnson* (1975), 32 Ill. App. 3d 36, 335 N.E.2d 144.) Mental state may, however, be proven by circumstantial evidence. *People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864; *People v. Tobin* (1971), 2 Ill. App. 3d 538, 276 N.E.2d 828.

The only evidence of mob action or battery adduced against respondent was that she left a car, participated in a chase of Celeste and Debbie and was in the company of Alfred Williams when he committed a battery. There was no evidence that respondent either threatened or touched either victim.

■■■ In cases involving accountability, it has been held that mere presence is insufficient evidence upon which to convict. (*People v. Butler* (1973), 16 Ill. App. 3d 248, 305 N.E.2d 712.) In *People v. Roldan* (1973), 54 Ill. 2d 60, 294 N.E.2d 274, evidence that the defendants were present in a school yard where a riot or disturbance was taking place was held to be insufficient to support a conviction for mob action. That respondent was acquitted of the charges of battery negates any finding of mob action based on the use of force or violence *by* two or more persons as well as any theory of accountability for the batteries of Alfred Williams.

■■ ■ The statute also proscribes the coming together *to do* an unlawful act. Other than the chase of Celeste and Debbie, there is no evidence that Kirby carried with her an intent to do an unlawful act. The fact of her acquittal of the battery charges operates to place in doubt any inference the circumstantial evidence of her presence during the chase might raise concerning her intent to aid or abet Alfred Williams in the

commission of an act of violence against either Celeste or Debbie. We therefore reverse the finding of guilty of mob action as not being beyond a reasonable doubt. Since the record shows that custody of respondent has already been restored to her mother, we need not remand for the termination of the wardship imposed upon the finding of delinquency.

The finding of delinquency is reversed.

Reversed.

REARDON, J., concurs.

Mr. JUSTICE KASSERMAN, dissenting:

In my opinion the majority erroneously concludes that there was no evidentiary basis to support a finding of delinquency resulting from the commission of the offense of mob action.

As stated by the majority, mob action is defined as the use of force or violence disturbing the public peace by two or more persons acting together and without authority of law, or the assembly of two or more persons to do an unlawful action. While respondent was found not guilty of battery, the evidence does indicate that she used force or violence disturbing the public peace and that she most certainly assembled with another to do an unlawful act.

*Butler*, referred to by the majority, is distinguishable from the present case. In that case the victim testified that a friend had led him into an alley where he was confronted by approximately ten boys and was then stabbed. The victim further testified that Butler was among the group who was standing against a wall but had said nothing to him and had been warned along with the other boys that if they tried to help, they were going to get the same thing.

The evidence in this case indicates that it was the respondent, while riding in a car with others, who suggested that they beat up some people. It was she who was sitting in the middle of the front seat and requested Vernon Williams to alight from the car for a moment so she could get out. It was she who approached the victim with Alfred Williams; and, although the witnesses were unable to identify who had struck Debbie McDonald, it necessarily must have been either Alfred Williams or the respondent because both of them were identified as the only persons approaching the two victims.

It cannot be said, under these circumstances, that the respondent was guilty only of negative acquiescence as referred to in *Butler*. Further, in concluding that the defendant was guilty only of negative acquiescence in *Butler*, the court held that such a conclusion resulted from the absence of proof that the attacker and the defendant had a common design.

It is my opinion that the evidence discloses that the respondent and Alfred Williams had a common design of intimidating and beating up the victims and that she actively participated in the accomplishment of such design.

I would, therefore, affirm the decision of the trial court on the theory that respondent was accountable for the batteries of Alfred Williams.